[No. C042145. Third Dist. Aug. 1, 2003.]

LISA WHELIHAN, Plaintiff and Appellant, v.
DAVID ESPINOZA, Defendant and Respondent.

## COUNSEL

Robert J. DiLorenzo for Plaintiff and Appellant.

Chapman, Popik & White, Susan M. Popik, Carol D. Quackenbos, Renee C. Callantine; Neil Olson & Associates and Neil E. Olson for Defendant and Respondent.

## OPINION

**SCOTLAND, P. J.**—Plaintiff Lisa Whelihan sued defendant David Espinoza for damages that plaintiff sustained in a jet ski accident. The trial court ruled that the primary assumption of risk doctrine barred plaintiff's claims and, thus, entered summary judgment in favor of defendant.

On appeal, plaintiff contends the judgment must be reversed because, in her view, assumption of risk does not apply under the circumstances of this case and there are triable issues of material fact regarding defendant's liability. Plaintiff's primary argument is that, by enacting statutes addressing the safe operation of jet skis (Harb. & Nav. Code, §§ 655, subd. (a), 655.7, subd. (c)), the Legislature has abrogated application of the common law doctrine of primary assumption of risk to the sport of jet skiing. We disagree.

As we will explain, jet skiing is an active sport involving physical skill and challenges that pose a significant risk of injury to participants in the sport. The absence of the common law doctrine of primary assumption of risk would chill vigorous participation in jet skiing, thereby having a "deleterious effect" on the nature of the sport as a whole. (See *Ford v. Gouin* (1992) 3 Cal.4th 339, 345 [11 Cal.Rptr.2d 30, 834 P.2d 724].) Consequently, the enactment of sections 655, subdivision (a), and 655.7, subdivision (c), of the Harbors and Navigation Code should not be construed to abrogate the common law primary assumption of risk doctrine unless the statutory language explicitly shows a "clear intent" to do so. No such intent appears in the wording of the statutes. Accordingly, we conclude that they do not displace application of primary assumption of risk to the sport of jet skiing.

Finding no merit in plaintiff's other arguments, we shall affirm the judgment against her.

## FACTUAL AND PROCEDURAL BACKGROUND

Two days after plaintiff and defendant purchased jet skis, they used them together at Lake Engelbright in Nevada County. Consistent with his description of the essence of the sport, defendant drove his jet ski at "a relatively high rate of speed" while making turns and maneuvers in "relatively close proximity" to plaintiff's jet ski. The jet skis collided when plaintiff made a left turn in front of defendant.[1]

Plaintiff sued defendant for negligence and for negligent infliction of emotional distress, alleging that he "negligently, carelessly and with a conscious disregard for the safety and protection of the Plaintiff ... owned, operated, maintained and controlled [his] jet ski, so as to cause a collision, causing severe and permanent physical injuries to Plaintiff ...."

Plaintiff amended the complaint to add, as the third, fourth and fifth causes of action, claims for breach of an agreement to divide mortgage payments on their shared residence and for intentional and negligent emotional distress inflicted during her recuperation from the jet ski injuries.

Defendant moved for summary judgment or, in the alternative, for summary adjudication of the first and second causes of action directly related to the jet ski accident. He also moved for judgment on the pleadings as to the fourth and fifth causes of action.

While the summary judgment motion was pending, plaintiff sought leave to file a second amended complaint, replacing the third cause of action (breach of agreement to divide mortgage payments on their shared residence) with a claim that defendant operated his jet ski in violation of section 655, subdivision (a), and section 655.7, subdivision (c), of the Harbors and Navigation Code.

Plaintiff explained that "[t]he instant amendments, adding violations of California Harbors and Navigation Code §§ 655(a) and 655.7(c) *do not change the character of these negligence causes of action*, but only that the negligence of defendant, as pled in the First Amended Complaint, is also a

---

[1] In support of this point, defendant cites plaintiff's responses to special interrogatories, drawings, and deposition testimony. In a declaration filed in response to defendant's separate statement of undisputed facts, plaintiff agreed that she made a left turn, but said she was attempting to get away from defendant and increase the distance between the two jet skis. In any event, it is undisputed that plaintiff turned in front of defendant just before they collided.

violation of the California Harbors and Navigation Code. *We are not pleading an entire new theory such as reckless, willful and wanton conduct, only that the same duty of care as pled in the First Cause of Action is also stated in the statutes.* [¶] This works no prejudice upon defendant since the standard of care pled and the standard of care in the statutes is the same." (Italics added.) In a declaration signed under penalty of perjury, plaintiff's counsel reiterated: "Since both the First Cause of Action and the new proposed Third Cause of Action deal with *negligent conduct* of the defendant in operating a jet ski, this works no prejudice or hardship on defendant." (Italics added.) Consistent with plaintiff's claim that she was not pleading a new theory of relief, neither party supplemented the separate statements with facts pertaining to the new third cause of action.

The trial court granted plaintiff's request for leave to file the second amended complaint, but the court granted defendant's motion for judgment on the pleadings as to the fourth and fifth causes of action (intentional and negligent emotional distress inflicted during plaintiff's recuperation from her injuries). The court also granted defendant's motion for summary judgment as to other causes of action, ruling that the doctrine of primary assumption of risk was "a complete and final bar to all three causes of action." Judgment was entered accordingly in favor of defendant.

## DISCUSSION

### I

Plaintiff's appellate brief addresses only the trial court's entry of summary judgment in defendant's favor on the three causes of action directly related to the jet ski accident. She contends that, for various reasons, the doctrine of assumption of risk does not apply under the circumstances of this case and there are triable issues of material fact regarding defendant's liability. Hence, she argues, the court erred in granting the summary judgment motion.

### A

We begin our analysis by summarizing several principles that govern the grant and review of summary judgment motions under Code of Civil Procedure section 437c (hereafter section 437c).

The trial court shall grant a motion for summary judgment "if all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (§ 437c, subd. (c).) A defendant seeking summary judgment "has met his or her burden of showing that a cause of action has no merit if that party has

shown that one or more elements of the [plaintiff's] cause of action ... cannot be established, or that there is a complete defense to that cause of action. Once the defendant ... has met that burden, the burden shifts to the plaintiff ... to show that a triable issue of one or more material facts exists as to that cause of action or a defense thereto." (§ 437c, subd. (p)(2).)

" 'The function of the pleadings in a motion for summary judgment is to delimit the scope of the issues: the function of the affidavits or declarations is to disclose whether there is any triable issue of fact within the issues delimited by the pleadings.' [Citations.] The complaint measures the materiality of the facts tendered in a defendant's challenge to the plaintiff's cause of action. [Citation.]" (*FPI Development, Inc. v. Nakashima* (1991) 231 Cal.App.3d 367, 381 [282 Cal.Rptr. 508].)

On appeal from entry of summary judgment, we conduct "a de novo examination of the record to determine whether the moving party was entitled to summary judgment as a matter of law or whether genuine issues of material fact remain." (*Campbell v. Derylo* (1999) 75 Cal.App.4th 823, 826 [89 Cal.Rptr.2d 519].)

The question whether the primary assumption of risk doctrine applies, and therefore whether a duty of care exists, is a legal question to be decided by the court. (*Record v. Reason* (1999) 73 Cal.App.4th 472, 479 [86 Cal.Rptr.2d 547].) " '[W]e determine de novo the existence and scope of the duty ....' [Citation.]" (*Ibid.*)

B

Under general principles of negligence law, "persons have a duty to use due care to avoid injury to others, and may be held liable if their careless conduct injures another person." (*Knight v. Jewett* (1992) 3 Cal.4th 296, 315 [11 Cal.Rptr.2d 2, 834 P.2d 696].) However, under the doctrine of primary assumption of risk, " 'plaintiff is held to agree to relieve defendant of an obligation of reasonable conduct toward him. ...' [Citations.]" (*Li v. Yellow Cab Co.* (1975) 13 Cal.3d 804, 824–825 [119 Cal.Rptr. 858, 532 P.2d 1226].) The doctrine "embodies a legal conclusion that there is 'no duty' on the part of the defendant to protect the plaintiff from a particular risk." (*Knight v. Jewett, supra,* 3 Cal.4th at p. 308.)

The assumption of risk doctrine applies to a particular sports activity "if the activity is done for enjoyment or thrill, requires physical exertion as well as elements of skill, and involves a challenge containing a potential risk of injury." (*Record v. Reason, supra,* 73 Cal.App.4th at p. 482; cf. *Shannon v. Rhodes* (2001) 92 Cal.App.4th 792, 794 [112 Cal.Rptr.2d 217]

["primary assumption of risk does not apply to bar the negligence claim of a passenger in a boat simply being used to ride around on a lake"].)

■ As a matter of common knowledge, jet skiing is an active sport involving physical skill and challenges that pose a significant risk of injury, particularly when it is done—as it often is—together with other jet skiers in order to add to the exhilaration of the sport by racing, jumping the wakes of the other jet skis or nearby boats, or in other respects making the sporting activity more challenging and entertaining.[2] (Cf. *Ford v. Gouin, supra*, 3 Cal.4th at p. 345 [water skiing]; *Record v. Reason, supra*, 73 Cal.App.4th at pp. 475, 482 ["tubing" while being pulled by a boat].) Consequently, it is the type of sporting activity that meets the criteria governing application of the doctrine of primary assumption of risk.

Plaintiff complains that the trial court's ruling "seemingly assum[ed] that the litigants were contestants in some sort of consensual competition event and/or spectator sport" which was "certainly not the case here." ■ However, the doctrine applies equally to competitive and noncompetitive but active sports. (*Knight v. Jewett, supra*, 3 Cal.4th at pp. 320–321; *Ford v. Gouin, supra,* 3 Cal.4th 339, 345.)

Plaintiff also suggests that, because she "was a novice jet skier, having a total of only six (6) hours of actual operating time ... [and] no experience or familiarity with such 'thrilling' maneuvers," a triable issue of material fact exists whether primary assumption of risk applies. Not so. ■ In determining the doctrine's applicability, we disregard "whether plaintiff subjectively knew of, and voluntarily chose to encounter, the risk of defendant's conduct"; "[i]nstead, our resolution of this issue turns on whether, in light of the nature of the sporting activity in which defendant and plaintiff were engaged, defendant's conduct breached a legal duty of care to plaintiff." (*Knight v. Jewett, supra*, 3 Cal.4th at p. 315; *Bushnell v. Japanese-American Religious & Cultural Center* (1996) 43 Cal.App.4th 525, 534 [50 Cal.Rptr.2d 671] ["plaintiff's knowledge or expectations are not relevant to the defense of primary assumption of risk"].)

This brings us to the primary focus of plaintiff's attack on the summary judgment order. She contends that the doctrine of primary assumption of risk does not apply here because, after the California Supreme Court's explication on the doctrine in *Knight v. Jewett, supra*, 3 Cal.4th 296 and *Ford v. Gouin,*

---

[2] As we will explain, *post*, the Harbors and Navigation Code imposes criminal sanctions if the operator of a jet ski jumps or attempts to jump the wake of another watercraft within 100 feet of that vessel, or otherwise operates the jet ski in a reckless or negligent manner so as to endanger the life, limb, or property of another person. (Harb. & Nav. Code, §§ 655, subd. (a), 655.7, subd. (c), 668, subds. (a) & (b)(3).)

*supra,* 3 Cal.4th 339, the Legislature "trump[ed]" the doctrine with respect to jet skiing by enacting section 655, subdivision (a), and section 655.7, subdivision (c), of the Harbors and Navigation Code. (Further section references are to this code unless otherwise specified.)

Section 655, subdivision (a), states in part: "No person shall use any vessel or manipulate water skis, an aquaplane, or a similar device in a reckless or negligent manner so as to endanger the life, limb, or property of any person." Violation of this statute is a misdemeanor. (§ 668, subd. (b)(3).)

Section 655.7, subdivision (c), states: "Every personal watercraft shall, at all times, be operated in a reasonable and prudent manner. Maneuvers that unreasonably or unnecessarily endanger life, limb, or property, including, but not limited to, jumping or attempting to jump the wake of another vessel within 100 feet of that other vessel, operating the personal watercraft toward any person or vessel in the water and turning sharply at close range so as to spray the vessel or person, or operating at a rate of speed and proximity to another vessel so that either operator is required to swerve at the last minute to avoid collision, is unsafe or reckless operation of a vessel." Violation of this statute is an infraction. (§ 668, subd. (a).)

According to plaintiff, these statutes "define the duty and standard of care in the operation of such watercraft on the public waterways," and are intended to protect the safety of persons and property. Noting that (1) these statutes were enacted *after* the Supreme Court's decisions in *Knight v. Jewett, supra,* 3 Cal.4th 296, and *Ford v. Gouin, supra,* 3 Cal.4th 339, and that (2) section 655.7, subdivision (c), prohibits operating a jet ski toward "any person" in a manner specified in the statute, plaintiff claims these factors reflect a legislative intent to apply the statutory protections to a class of persons that includes everyone, including other jet ski operators engaged in the sport with the defendant.[3] It follows, plaintiff argues, this legislative intent would be "defeated" if primary assumption of risk applied to the operation of jet skis.

We conclude that the statutes relied upon by plaintiff do not "trump" the doctrine of primary assumption of risk.

The common law legal principle of primary assumption of risk (*Cheong v. Antablin* (1997) 16 Cal.4th 1063, 1069 [68 Cal.Rptr.2d 859, 946 P.2d 817]) is

---

[3] Evidence Code section 669 states "[t]he failure of a person to exercise due care is presumed if: [¶] (1) He violated a statute, ordinance, or regulation of a public entity; [¶] (2) The violation proximately caused death or injury to person or property; [¶] (3) The death or injury resulted from an occurrence of the nature which the statute, ordinance, or regulation was designed to prevent; and [¶] (4) The person suffering the death or the injury to his person or property was one of the class of persons for whose protection the statute, ordinance, or regulation was adopted."

founded upon a public policy judgment that imposing tort liability on a sports participant for his or her ordinary negligence is not appropriate because it would chill vigorous participation in the sport and, as a result, would have a "deleterious effect on the nature of the sport ... as a whole." (*Ford v. Gouin, supra,* 3 Cal.4th at p. 345.) For example, tort liability would have an "undesirable chilling effect" on vigorous, athletic activity, and "might well deter friends from voluntarily assisting one another in ... potentially risky sports." (*Ibid.*)

▪ Of course, the Legislature may modify by statute the common law doctrine of primary assumption of risk. (*Cheong v. Antablin, supra,* 16 Cal.4th at p. 1069.) However, the enactment of statutes such as section 655, subdivision (a), and section 655.7, subdivision (c), should not be construed to abrogate the doctrine of primary assumption of risk unless the language of the statute explicitly demonstrates a "clear intent" to do so. (See *Cheong v. Antablin, supra,* 16 Cal.4th at p. 1069; *Moser v. Ratinoff* (2003) 105 Cal.App.4th 1211, 1226 [130 Cal.Rptr.2d 198]; *Distefano v. Forester* (2001) 85 Cal.App.4th 1249, 1274 [102 Cal.Rptr.2d 813].)

To construe the Harbors and Navigation Code as plaintiff urges would chill vigorous participation in the sport of jet skiing and, for reasons stated above, have a deleterious effect on the sport. ▪ Consequently, because the language of section 655, subdivision (a), and section 655.7, subdivision (c), "indicates no legislative intent to eliminate the assumption of risk defense" with respect to the sport of jet skiing, those statutes "do[] not displace the primary assumption of risk doctrine ...." (*Moser v. Ratinoff, supra,* 105 Cal.App.4th at p. 1226.)

Nevertheless, plaintiff points out that, even if primary assumption of risk applies to jet skiing, "a participant in [the] sport breaches a legal duty of care to other participants ... if the participant intentionally injures another player or engages in conduct that is so reckless as to be totally outside the range of the ordinary activity involved in the sport." (*Knight v. Jewett, supra,* 3 Cal.4th at p. 320.) Therefore, "even though 'defendants generally have no legal duty to eliminate (or protect a plaintiff against) risks inherent in the sport itself,' they may not increase the likelihood of injury above that which is inherent. [Citation.]" (*Campbell v. Derylo, supra,* 75 Cal.App.4th at p. 827.)

According to plaintiff, a triable issue of material fact exists as to whether defendant's conduct was "so reckless as to be totally outside the range of the ordinary activity involved in the sport." (*Knight v. Jewett, supra,* 3 Cal.4th at p. 320.) The problem with this argument is that plaintiff did not plead

reckless conduct in her amended complaint.[4] Indeed, when she obtained leave to file a new third cause of action, plaintiff insisted that "[w]e are not pleading an entire new theory *such as reckless, willful and wanton conduct*, only that the same duty of care as pled in the First Cause of Action is also stated in the statutes," i.e., "both the First Cause of Action and the new proposed Third Cause of Action deal with *negligent conduct* of the defendant in operating a jet ski ...." (Italics added.)

The complaint serves to delimit the scope of the issues before the court on a motion for summary judgment (*FPI Development, Inc. v. Nakashima, supra,* 231 Cal.App.3d at p. 381), and a party cannot successfully resist summary judgment on a theory not pleaded (*Roth v. Rhodes* (1994) 25 Cal.App.4th 530, 541 [30 Cal.Rptr.2d 706]; see also *Thomas v. Gordon* (2000) 85 Cal.App.4th 113, 118 [102 Cal.Rptr.2d 28] [equitable doctrine of judicial estoppel]). Therefore, plaintiff cannot avoid summary judgment by asserting on appeal a theory inconsistent with her pleadings and the representations made in the trial court.

## C

For the reasons stated above, we conclude the trial court properly applied the doctrine of primary assumption of risk and correctly granted defendant's motion for summary judgment on the ground that defendant owed no duty of ordinary care to plaintiff as they engaged in the sport of jet skiing together.

## DISPOSITION

The judgment is affirmed.

Sims, J., and Robie, J., concurred.

Appellant's petition for review by the Supreme Court was denied November 12, 2003. Kennard, J., and Werdegar, J., were of the opinion that the petition should be granted.

---

[4] Defendant raised this problem in his brief. Plaintiff did not reply to it.