Filed 4/16/14  Collins v. JP Morgan Chase Bank CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

|  |  |
|---|---|
| OLUFEMI S. COLLINS et al.,<br><br>    Plaintiffs and Appellants,<br><br>    v.<br><br>JP MORGAN CHASE BANK et al.,<br><br>    Defendants and Respondents. | B244252<br><br>(Los Angeles County<br>Super. Ct. No. KC061332) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Bruce R. Minto, Judge.  Affirmed.

Olufemi S. Collins and Wanda D. Collins, in pro. per., for Plaintiffs and Appellants.

AlvaradoSmith, John M. Sorich, S. Christopher Yoo, Taline M. Gulesserian, Marvin Belo Adviento and Lauren Marie Takos for Defendants and Respondents.

Olufemi S. Collins and Wanda D. Collins ("appellants") appeal from a judgment entered following the granting of a Motion for Summary Judgment in favor of JP Morgan Chase Bank, N.A. ("Chase") and Federal National Mortgage Association ("Fannie Mae") (Chase and Fannie Mae are together referred to as "respondents"). Appellants also appeal from an order awarding monetary sanctions against them for their failure to provide responses to written discovery served upon them by respondents. Finding no error, we affirm the judgment.

FACTUAL AND PROCEDURAL SUMMARY

In June of 2003, appellants obtained a secured real property loan (the "Loan") from SCME Mortgage Bankers, Inc. ("SCME Mortgage") as the lender and Mortgage Electronic Systems, Inc. ("MERS") as the beneficiary of a deed of trust ("Deed of Trust") securing the Loan. The Deed of Trust encumbered appellants' Pomona home (the "Property").

In or about December 2009, appellants began missing payments due on the Loan. On or about March 10, 2010, a Notice of Default and Election to Sell was issued with regard to the Loan and the Deed of Trust.

MERS assigned its beneficial interest in the Deed of Trust to Chase, and recorded the assignment in the Los Angeles County Recorder's Office on April 5, 2010. Chase, in turn, assigned its beneficial interest in the Deed of Trust to Fannie Mae on June 10, 2010; the assignment was recorded in the Recorder's Office on March 28, 2011.

A Substitution of Trustee under the Deed of Trust was recorded on April 21, 2010, naming Quality Loan Service Corporation ("Quality") as the substituted trustee. On June 11, 2010, Quality recorded a Notice of Trustee's Sale.

The Property was sold to Fannie Mae at a trustee's foreclosure sale on March 23, 2011. A Trustee's Deed Upon Sale was recorded on March 28, 2011.

On or about May 31, 2011, appellants sued SCME Mortgage, Chase, Fannie Mae, and Quality,[1] alleging that they had conspired to foreclose on the Deed of Trust and obtain title to their house by fraudulently executing and recording documents to make it appear that Chase was the successor beneficiary and Quality the successor trustee under the Deed of Trust. Specifically, appellants noted that the name "Margaret Dalton, and her signature regularly appeared on notarized documents as Vice President of various Companies. Her name was featured on several National News media as a notorious ROBO signer." In this case, Margaret Dalton signed the Assignment of Beneficial Interest on behalf of MERS in favor of Chase, and the Substitution of Trustee on behalf of Chase which appointed Quality as trustee under the Deed of Trust. Appellants asserted that Margaret Dalton "was never in the employ as a Vice President with MERS." By challenging the validity of these two recorded documents, appellants maintained that Quality was not a properly appointed trustee under the Deed of Trust, and thus had no authority to file and record the Notice of Default, Notice of Sale or Trustee's Deed Upon Sale, nor to conduct the foreclosure sale.

The operative first amended complaint purported to state causes of action against respondents for slander of title, tortious violation of Penal Code section 470 (forgery), quiet title, and declaratory relief, and alleged that as a consequence of the defendants' fraudulent conduct, the trustee's foreclosure sale was ineffective and the Trustee's Deed Upon Sale was void.

Chase and Fannie Mae demurred to the first amended complaint, contending that the documents recorded in the Recorder's Office which appellants claimed were fraudulent constituted privileged publications under Code of Civil Procedure section 47; Penal Code section 470 is a criminal statute, not a recognized civil cause of action and in any event, the claim was not alleged with the particularity required for a claim of fraud; appellants have no standing to quiet title as the foreclosure sale extinguished any

---

[1]     Neither SCME Mortgage nor Quality is a party to this appeal.

3

ownership interest they had in the Property; and appellants were not entitled to declaratory relief as they seek an adjudication of a cause of action for past wrongs rather than to define the future conduct of the parties.

The trial court sustained the demurrer to the Penal Code section 470 claims, and overruled the demurrer as to the remaining claims. The court noted that "The allegations plaintiffs make regarding Margaret Dalton being a 'robo signer' are vague, but sufficient. If true, and if Chase had no valid interest in the property or note and deed of trust then the Notice of Default, Substitution of Trustee, Native of Sale, Sale, and Trustee's Deed may be invalid." Trial was set for August 13, 2012.

On April 27, 2012, respondents filed a motion for summary judgment or, in the alternative, summary adjudication as to the three remaining causes of action. The motion was supported by, among other things, the declaration of Margaret Dalton, attesting to her position as Vice President of both MERS and Chase.

At the time respondents filed their summary judgment motion, the first date available on the court's calendar for a hearing was July 17, 2012, which was less than 30 days before trial. Respondents accepted that date without first obtaining an order allowing the motion to be heard within 30 days of trial. On June 20, 2012, appellants brought an ex parte motion to deny the summary judgment motion because, without approval of the court, it was calendared for hearing within 30 days of the trial date. The ex parte motion was denied by the trial court. On June 27, 2012, respondents sought an ex parte order either allowing the motion to be heard within the 30-day period prior to trial, or in the alternative, to continue the trial date. The court granted the ex parte request to have the motion heard on July 17, 2012, within 30 days of the August 13, 2012 trial date.

At the July 17 hearing, the trial court granted the motion as a matter of law, finding that there were no issues of material controverted facts.

During the course of the hearing on respondents' motion, appellants realized that exhibits which should have been attached to their opposition were missing. They

4

therefore filed a motion for reconsideration of the court's ruling on summary judgment, based on the missing exhibits. On July 19, 2012, the court denied appellants' motion, ruling, among other things, that the contents of the exhibits raised no triable issue of material fact. Specifically, the court noted that "None of the exhibits raise any triable issue of fact that Margaret Dalton was authorized to sign the Assignment of Deed of Trust and Substitution of Trustee, as her uncontested declaration asserts."

Shortly before the hearing on summary judgment, the trial court granted, in part, respondents' discovery motions and awarded them sanctions of $1,760. A summary of the facts relevant to the discovery proceedings is included in the portion of the opinion which addresses the propriety of the sanctions award.

Judgment was entered on August 1, 2012. Appellants timely filed their notice of appeal.

DISCUSSION

1. *The trial court did not abuse its discretion by allowing respondent's motion for summary judgment to be heard within 30 days of the trial date*

In the present case, respondents filed their motion for summary judgment on April 27, 2012. They were required by Code of Civil Procedure[2] section 473c, subdivision (a) to provide appellants with 75 days notice of the motion, plus five more days if the motion was mailed. The purpose of the 75-day notice requirement (previously it was 28 days) is to provide the responding party with adequate time to conduct such discovery as might be necessary to fully respond to the motion and to ensure that all evidence is presented to the court before the court rules on the motion. (*Lackner v. North* (2006) 135 Cal.App.4th 1188, 1207-1208.) Thus, absent a stipulation of the parties, the motion could not have been heard prior to July 11, 2012. The first available date on the Court's calendar to hear the motion was July 17, 2012, which was less than 30 days

---

[2]     Unless otherwise indicated, all section references in this opinion refer to the Code of Civil Procedure.

5

before the August 13, 2012 trial date.  Respondents filed the motion and were assigned a hearing date of July 17, 2012.

Section 437c, subdivision (a) permits a trial court, upon a showing of good cause, to allow summary judgment motions to be heard less than 30 days before the date of trial. (*Cooksey v. Alexakis* (2004) 123 Cal.App.4th 246, 250; *McMahon v. Superior Court* (2003) 106 Cal.App.4th 112, 115.)  In the present case, rather than first seeking an order to allow a hearing on the motion within 30 days of trial, respondents accepted the hearing date offered by the filing window in the clerk's office.

On June 20, 2012, appellants filed an ex parte motion requesting that the court deny the motion because it was calendared for hearing within 30 days of the trial date. In support of their motion, appellants stated that they, as plaintiffs, "have propounded their own sets of discovery interrogatories, to defendants, the response to which is due by July 14.  Defendants' responses [are] very essential to the justification of the Plaintiffs['] cause of action.  The Defendants' MSJ is scheduled for hearing to avoid discovery answers.  Pursuant to § 437c(h) the motion should be denied."

Section 437c, subdivision (h) provides as follows:  "If it appears from the affidavits submitted in opposition to the motion for summary judgment or summary adjudication or both that facts essential to justify opposition may exist but cannot, for reasons stated, then be presented, the court shall deny the motion, or order a continuance to permit affidavits to be obtained or discovery to be held or may make any other order as may be just.  The application to continue the motion to obtain necessary discovery may also be made by ex parte motion at any time on or before the date the opposition response to the motion is due."

The complaint in this matter was filed on May 31, 2011.  Appellants' initial discovery was served on or about June 14, 2012, two months before trial and more than one year after the case was filed.  Appellants contend in their Opening Brief that respondents filed the motion to avoid having to answer appellants' interrogatories.  But their interrogatories were not served until approximately 45 days *after* the respondents

filed their motion for summary judgment on April 27, 2012. Appellants' discovery was not served until June 14, 2012, some five days prior to appellants' ex parte request to deny the motion, alleging as a ground for their request that they had not yet received the discovery responses, which responses were not even due, at the earliest, until July 14, 2012.

Moreover, an application to continue a summary judgment motion to obtain necessary discovery must be made by a declaration or an affidavit filed in conjunction with timely opposition to the motion, or by an ex parte motion at any time on or before the date on which the opposition motion is due. (§ 437c, subd. (h); *Cooksey v. Alexakis, supra,* 123 Cal.App.4th at p. 259.) The declaration in support of the requested continuance must describe the discovery that is necessary to resist the motion. (*Frazee v. Seely* (2002) 95 Cal.App.4th 627, 635-636.) It is not sufficient merely to indicate that further discovery or investigation is contemplated. (*Bahl v. Bank of America* (2001) 89 Cal.App.4th 389, 396-397.) Further, the party requesting the continuance must show that he has been diligent in pursuing discovery. (*Cooksey v. Alexakis, supra,* 123 Cal.App.4th at p. 257; *Bushling v. Fremont Medical Center* (2004) 117 Cal.App.4th 493, 511-512.)

In the present case the only statement made by appellants in their motion was that "Defendants' responses [to discovery are] very essential to the justification of the Plaintiffs['] cause of action." Further, this statement was not even contained in an affidavit or a declaration, but merely in appellants' memorandum of points and authorities. Appellants (a) did not describe the discovery responses which they were asserting were necessary to resist the summary judgment motion; (b) failed to show what "essential facts" they were seeking by means of discovery to defeat the motion; and (c) failed to show the exercise of diligence in their discovery efforts. To the contrary, the facts reveal that appellants were dilatory; they did not serve their *initial* discovery until two months prior to trial and some 45 days after they were served with the respondents' motion for summary judgment.

7

An abuse of discretion normally only occurs if, in light of the applicable law and considering all of the relevant circumstances, the court's decision exceeds the bounds of reason and results in a miscarriage of justice.  (*Shamblin v. Brattain* (1988) 44 Cal.3d 474, 478-479; *City of Sacramento v. Drew* (1989) 207 Cal.App.3d 1287, 1297.)  The trial court did not abuse its discretion when it denied appellants' ex parte request that the court deny the summary judgment motion without ruling on its merits because it was calendared for hearing 27 days prior to trial instead of the required 30 days.

On June 27, 2012, respondents' brought an ex parte motion of their own seeking an order to allow their summary judgment motion to be heard within 30 days prior to trial.  The trial court granted respondents' motion, based on its finding of good cause due to respondents' inability to obtain an earlier date (a consequence of the trial court's impacted calendar) with little or no prejudice to appellants who were still being provided with the requisite 75-day notice of hearing to prepare their opposition thereto.  In a letter to the court, appellants acquiesced to the requested relief.[3]  Based upon the foregoing, we find that the trial court's decision to hear respondents' summary judgment motion 27 days prior to trial was reasonable, and did not constitute not an abuse of discretion.


2. *The trial court did not err when it ruled on the summary judgment motion in the absence of appellants' exhibits*

Appellants contend that they attached exhibits to their opposition to the summary judgment motion which were "missing" at the time of the hearing, and maintain that the trial court erred in ruling on respondents' motion without considering the missing exhibits.

---

[3]     In a letter to the court appellants stated:  "The Plaintiffs have previously filed their objection to the schedule of the Defendants MSJ as an orchestrated delay tactic. This ex parte application seems to clearly expose the real intent of the Defendants to cause distractive delays.  However, the Plaintiffs will file timely opposition to the Defendants MSJ and currently scheduled on the docket and will leave the discretion to the court to grant justice as appropriate with regards to the Defendants MSJ."

In ruling on appellants' motion for reconsideration based on the missing exhibits, the trial court specifically stated that "None of the exhibits raise any triable issue of fact that Margaret Dalton was authorized to sign the Assignment of Deed of Trust and Substitution of Trustee, as her uncontested declaration asserts." We concur in this conclusion. Consequently, appellants have demonstrated no prejudice from the absence of the exhibits in opposition to the motion for summary judgment.

3. *The trial court did not err in granting summary judgment in favor of respondents*

Summary judgment is proper when the evidence before the court presents no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. A defendant meets its burden if it demonstrates (a) that one or more elements of a cause of action cannot be established; or (b) defendant has a complete defense to all the causes of action of a complaint. (*Lyle v. Warner Bros. Television Productions* (2006) 38 Cal.4th 264, 274.)

In determining whether or not the submitted papers reveal that there are triable issues of material fact, a court must consider all the evidence set forth in the papers, except that to which objections have been made and sustained by the court. (§ 437c, subd. (c).) Because a motion for summary judgment is limited to the issues raised in the pleadings, all evidence submitted in support of or in opposition to the motion must be addressed to the claims and defenses raised in the pleadings. (*Lewis v. Chevron* (2004) 119 Cal.App.4th 690, 694; *Whelihan v. Espinoza* (2003) 110 Cal.App.4th 1566, 1576.) The court must consider all inferences reasonably deducible from the evidence. (§ 437c, subd. (c).) The inferences must be reasonable and may not be derived from speculation, conjecture, imagination, or guesswork. (*Annod Corp. v. Hamilton & Samuels* (2002) 100 Cal.App.4th 1286, 1298-1299.) A court may not, of course, grant summary judgment based on inferences reasonably deducible from the evidence if those inferences are contradicted by other inferences or evidence that raise a triable issue of material fact.

9

(*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 856.) To be successful, a summary judgment motion must leave no room for conflicting inferences as to material facts. (*Ibid.*) In ruling on the motion, the court must refrain from weighing the evidence or making any determination of fact. (*Kids' Universe v. In2Labs* (2002) 95 Cal.App.4th 870, 880.)

We review the granting of a summary judgment motion de novo. We make an independent assessment of the correctness of the trial court's ruling, applying the same legal standards as the trial court in determining whether there are any genuine issues of material fact in dispute or whether the moving party is entitled to a judgment as a matter of law. A defendant moving for summary judgment meets its burden by showing that one or more elements of the cause of action cannot be established or that there is a complete defense to that cause of action. Once the defendant has made such a showing, the burden shifts back to the plaintiff to show that a triable issue of one or more material facts exists as to that cause of action or as to a defense to the cause of action. (*Moser v. Ratinoff* (2003) 105 Cal.App.4th 1211, 1216-1217.)

The sole issue raised by appellants in their opposition to respondents' motion for summary judgment was the authority of Margaret Dalton to sign both the Assignment of Beneficial Interest in the Deed of Trust on behalf of MERS and the Substitution of Trustee on behalf of Chase. They contend the foreclosure proceeding was illegal because Quality, the trustee which initiated and conducted the foreclosure proceedings, had no authority to do so.

The trial court found that appellants had provided no evidentiary support for their allegation that Dalton was not authorized to act on behalf of Chase and MERS but relied solely on conjecture and speculation. Consequently, appellants' opposition did not raise any issue of disputed material fact.[4] Respondents submitted Dalton's declaration in

---

[4]    To support its opposition to the Dalton declaration, appellants requested that the trial court take judicial notice of two documents. The court granted the request as to the first document, an Assignment of a Deed of Trust recorded in Morgan County, Florida,

10

which she stated that (a) she was a vice-president of Chase with authority to sign the Substitution of Trustee dated April 1, 2010 and recorded on April 21, 2010; and (b) she was a vice-president of MERS authorized to sign on its behalf the Assignment of Beneficial Interest secured by Deed of Trust dated March 24, 2010 and recorded on April 6, 2010.

An opposition to a motion for summary judgment is insufficient if it is conclusory, argumentative, or based on conjecture or speculation. (*Visueta v. General Motors Corp.* (1991) 234 Cal.App.3d 1609, 1615.) Personal knowledge and competency must be shown in an affidavit or declaration filed in support of or in opposition to a motion for summary judgment. Appellants have provided neither. (*Guthrey v. State* (1998) 63 Cal.App.4th 1108, 1120.)

Appellants also contend that the trial court should have exercised its discretion to deny the motion based on section 437c, subdivision (e), which states, ". . . summary judgment may be denied in the discretion of the trial court, where the proof of a material fact offered in support of the summary judgment is an affidavit or declaration made by an individual who was the sole witness to that fact; . . ." However, Margaret Dalton was *not* the sole witness to a material fact, i.e., that she was a vice-president of both MERS and Chase at the relevant times set forth above. This information certainly would have been available from other sources, for example, the corporate records of the two companies, testimony from other officers of the two institutions, etc. There is no indication in the

---

which did not raise a material issue of contested fact, but refused to take judicial notice of the second document, an out-of-state declaration of one Lynn E. Syzmoniak, Esq. It did so apparently on the grounds that the declaration was offered to prove the truth of the matters asserted therein and as such was inadmissible hearsay. The record on appeal does not, however, include a reporter's transcript; we are thus left without the stated basis for the court's ruling. The declaration was filed in conjunction with an-out-of state court proceeding; the trial court thus had the authority to take judicial notice of its existence. (Evid. Code, § 452, subd. (d).) But a court may not take judicial notice of the truth of the contents of a declaration, just because it was filed in a court proceeding. (*People v. Tolbert* (1986) 176 Cal.App.3d 685, 690; see also *Garcia v. Sterling* (1985) 176 Cal.App.3d 17, 22.)

11

record that appellants even sought this information in support of their position. Therefore, the provisions of section 437c, subdivision (e) are not applicable in the present case.

4. *The trial court did not abuse its discretion when it ordered appellants to pay discovery sanctions*

On February 10, 2012, respondents served appellants with (1) Special Interrogatories; (2) Request for Production of Documents; (3) Requests for Admissions, and (4) Form Interrogatories (General) (collectively, "Written Discovery"). After having been granted two extensions totaling six weeks, appellants still failed to file their responses to the Written Discovery.

On May 2, 2012, having not received any responses to the Written Discovery, respondents filed four motions to compel (the "Discovery Motions").

On June 5, 2012, the court conducted a hearing on the Discovery Motions. In conjunction therewith, the court: (1) accepted the representation of appellant Mr. Collins that he had the written responses to the Written Discovery in an envelope with him at the hearing; (2) denied the motions to compel and have the matters deemed admitted; (3) ordered appellants to serve respondents their responses to the Written Discovery on that day; and (4) having found a "lack of substantial justification for not responding to any requests" before the date of the hearing, well after the date that the Discovery Motions were prepared and filed by respondents, the court ordered sanctions against appellants in the total sum of $1,760 ($400 per motion and $40 for the filing fee for each motion), payable within sixty days.

Management of discovery lies within the sound discretion of the trial court. Where there is a basis for the trial court's ruling and it is supported by the evidence, a reviewing court will not substitute its opinion for that of the trial court. Rather, the trial court's determination will be set aside only when it has been demonstrated that there was

12

no legal justification for the order granting or denying the discovery order. (*Maldonado v. Superior Court* (2002) 94 Cal.App.4th 1390, 1396-1397.)

Section 2023.010 provides: "Misuses of the discovery process include, but are not limited to, the following: (d) Failing to respond or to submit to an authorized method of discovery." Section 2023.030 provides that after a noticed hearing and an opportunity to be heard, the court may issue sanctions against anyone engaging in conduct which is a misuse of the discovery process, including monetary sanctions. (*Sinaiko Healthcare Consulting, Inc. v. Pacific Healthcare Consultants* (2007) 148 Cal.App.4th 390, 404.) The court is required to impose a sanction on anyone misusing the discovery process unless it finds that the one subject to the sanction acted with substantial justification or that other circumstances make the imposing of the sanction unjust. (*Id.* at pp. 404-405.)

At the hearing on the Discovery Motions, appellants submitted an envelope to the court which they alleged contained written responses to the discovery, which was the subject of the four motions. The court then heard argument from all parties on respondents' request for monetary sanctions, including appellants' various excuses for not complying with the discovery requests until the date of hearing on the discovery motions. The court rejected appellants' excuses, stating: "Based on everything I have learned so far, . . . there may have been a problem with service, but that was waived by filing the response on the merits. I'm accepting Mr. Collins' representation that inside that envelope are the responses he says there is response to. So the tentative is to deny the motions to compel and deny to have the matters deemed admitted based on the representation that those are going to be served today, not kept in the envelope and in your briefcase, served on the other party today. . . . [¶] That ruling would be without prejudice to a motion to compel further responses when defense counsel has those responses and has a chance to review them and you folks meet and confer as you're required to do before [a] motion to compel further responses. . . . [¶] I would find a lack of substantial justification for not responding to any of them, before here now, today, and

13

order sanctions of $400 per motion plus $40 costs, that is $440, jointly and severally as to both plaintiffs, payable within 60 days, and per motion; . . . that is the revised tentative."

It is clear from the record that appellants filed their responses to discovery long after the time to respond expired (including extensions granted by respondents), and only after they were served with four motions to compel, each of which sought monetary sanctions for the misuse of the discovery process under section 2023.010. After hearing argument, the court rejected appellants' excuses for their lack of timely responses and ordered monetary sanctions. Respondents were entitled to an award of sanctions for the time they expended in preparing the motions. Appellants do not contend that the amounts awarded were unreasonable. In short, there is no basis in the record to conclude that the court abused its discretion in making its award of sanctions.

## DISPOSITION

The judgment and the order granting discovery sanctions in favor of respondents are affirmed. Respondents are awarded their costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

MINK, J.[*]

We concur:

MOSK, ACTING P. J.                    KRIEGLER, J.

---

[*]     Retired Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

14